Thank you very much, Your Honor. I'd like to just reserve two minutes for rebuttal. Certainly. If you may please, the Court, on behalf of the petitioners, Garish Sareen. We have briefed all issues in our brief. The issue before you is whether petitioners failed to exercise due diligence. I believe that's a red herring. The July 16, 2003 BIA order was sent to the attorney we are accusing of ineffective counsel to place the burden on us, meaning petitioner and his present counsel, of having notice when no notice was received till we substituted in in August. It's in fact the mistake that the BIA clearly abused its discretion and misapplied the law by counting the 91 days from July 16, 2003, when we never came into the matter, till August when we substituted in and got the file. What precisely is before us? What is precisely before you is whether the BIA abused its order in denying the motion to reopen. We believe it clearly did. Is that, in fact, the only issue that's before us? No. The other issue before you is whether my client demonstrated change. Three, four, five, six issues here. One is if the attorney was an ineffective counsel, we are stating that when the BIA rejected his claim in February of, I may have the dates wrong, I apologize, in 2003, his attorney never notified him that he had an opportunity to file a petition before the Ninth Circuit. He just sent him a letter stating that you can file a motion to reconsider. And we're saying that's a violation of our client's due process rights. Did not the Board assume without deciding that you had a case of ineffective assistance in order to get you to the July 16 date that is indicated in your briefs that was the time from which you measured the 90 days for a timely petition? That's the date they measured. I don't know if they felt we had an ineffective counsel. I think they raised two issues, is whether we exercised due diligence and whether there was ineffective counsel and whether there were material changes in India. We're stating that originally if the ineffective counsel had filed a petition or my client had filed a petition, he would have shown that the judges, going back to the 97 now hearing before the immigration judge, was incorrect. The substantial evidence to show that our client was, the lead petitioner was not basically credible is not supported by the evidence and he showed past persecution. And clearly we showed in the country conditions as well as the specific reports that there have been fundamental changes in India from 1997 to 2003. And the issue isn't that he's a minority minority, he's a Zoroastrian practitioner which is minuscule in the Indian minority religions. The commission report clearly indicates in 2003 that non-Hindus are attacked in India to such an extent as foreigners. Now this is the leading democratic nation in the world and it was compared to Iraq, North Korea by the U.S. Commission and they were thinking of imposing sanctions against India in 2003. This is the time frame when we're alleging all of these issues. He clearly qualified for a well-founded fear. He clearly qualified for past persecution. Are there not two distinct questions here? One is whether the motion to reopen was untimely because filed more than 90 days after the time at which the board found, and there's a sub-question as to whether the board had an adequate basis to find, that you were aware of the ineffective assistance of prior counsel. That's a separate question, correct? No, I mean, how would my client know on July 16th when they mailed out, that's the 91 days they counted, how would on July 16th when they sent it to the ineffective counsel, to Mr. Margolis' office, how would my client know on July 16th when it's coming out of Virginia that his attorney basically committed malpractice and negligence? Well, in your briefs before the board, you said more than once that your petition was timely because filed within 90 days of July 16th. Isn't that enough for the board to conclude that you were acknowledging that that was the time by which you were aware, your client was aware of the ineffective assistance of prior counsel from which the 90 days counts? Isn't that enough, the fact that you said it in your briefs? If we said that in the brief, Your Honor, it's a mistake. I thought we had said August. If it says July, that's a mistake because we didn't come into the picture until August 21st. August 13th we were substituted in. We sent a letter of ineffective counsel on August 21st and then we complied with the Lozada motion. We weren't in the picture until mid-August. But the board took your word in your briefs, didn't it? I don't know if they took us. I'm clearly informing the court. We clearly showed by letters, by the Lozada motion, by our exhibits, we didn't come into this until August 13th. And I'm saying even if you go by that, if you want to go by the July 16th, how can we have notice on July 16th when they're mailing it out from Falls Church, Virginia? Where did you retract from the board, before the board, your repeated statement that your motion was timely because filed within 90 days of July 16th? Where did you tell them clearly that your client didn't know about the prior ineffective assistance as of that time? The letter to the State Bar, my client declares under penalty of perjury that on August 13th he substituted our office and on August 21st he notified his attorney, putting him on notice that he is holding him as an ineffective counsel. And at that time, that attorney had already been suspended from the State Bar and hadn't even notified my client. All you stated there is that that's when you substituted, but you've not stated when you first conferred with your client, when you addressed potential ineffective assistance. You're only saying now that that's the day you substituted. The fact that you substituted later is entirely consistent with what you told the board in your briefs, which is that you were measuring 90 days from July 16th. Is it not? No, Your Honor. I'm stating that if you read the letter to the State Bar and you read the letter from my client, every letter addressed deals with the August 13th date. There's a letter to Mr. Margolis dated in August. There's a letter to the State Bar stating that the notice that my client became aware was in August. All dates indicate August. They're marked into the exhibit. They're all over there. There is no date to indicate that July 16th is, in fact, the date to count. Why was the board required to disregard the plain language of your own brief and look to the record to find something inconsistent with your brief to conclude that your client did not know about the ineffective assistance of prior counsel before that date? Because July 16th is the date they sent it to the wrong attorney. They sent the order on July 16th. So how could they calculate that date when they're sending it to Mr. Margolis? They're not sending it to my client. They're not sending it to me. So when they're sending it to the wrong attorney, how can they calculate that date? Let's assume that your motion was timely. What's your best argument on its merits? Showing that he never told my client he could file a petition, denying him his due process. The latest case we provided to this court states that any time such as filing a petition is a denial of due process. He told him in February that the only motion he could file was a motion to reconsider. He denied my client access to this court. Actually, the letter doesn't say that's the only motion. No, it states that we want to file a motion to reconsider. It doesn't inform him about the Ninth Circuit, and there's no letter from the attorney responding to any of the allegations. I have a minute. Would you like me to save two minutes? Yes. Thank you very much. Thank you for your argument. We'll hear from the government at this time. Thank you, Your Honors. Nora Osvaldez-Jones for Respondent Alberto Gonzalez. I draw this Court's attention to page 27 of the administrative record in Petitioner's Declaration where he says, In February 2003, Mr. Margolis, Matuleonis, and Mr. Masra told me that I could file a petition in the Ninth Circuit to review the BIA order. That destroys any argument he says that prior counsel didn't advise him of his right. But we don't get to that, because not only did he change his mind when he – when the Board denied his motion to reopen as untimely, when he represented, he knew the time started from July 16th. It files – everybody gets their Board decision by mail. Everybody's – How did he know, though, on July 16th? His client knew. How does his client know on July 16th? That was the day it was mailed from Virginia, wasn't it? But the date – How would he possibly know? But that's why you have 90 days. You have 90 days from the date of mailing, not the date of receipt. What did the record show the day he received it? It doesn't show, but he knew that – Well, how would he know that – how would he know on July 16th, the day they handed down the decision in the Board, how would he know that on that date, that's the date that the new tolling period should begin to run? Because the tolling starts by regulation. The date, the Board decision is mailed. That's why you have 90 days to prepare a motion to reopen, because they – they're building any guarantees. Did they send it to him or did they send it to his former attorney? They sent it to his attorney, who was attorney of record, who promptly notified him. How much of an attorney was he? Well, I don't know, Your Honor. He did tell them he could file a petition for review. He did get his labor certification. He did file his visa petition. What was his status with the bar at that time? At that – well, when he did all of this, he was in trouble for another case. There's no indication that the Board took – the State Bar took any action against him on this case. Isn't your better argument that even if it is timely, that there really is no showing that he had a plausible claim here? Well, Your Honor, I'm not sure it's a better argument because we get to a jurisdictional issue. Why? The jurisdictional issue is he never said – he conceded below, as Judge Wake pointed out, 90 days starts from July 16th. Therefore, the Board didn't get to anything else. The Board did not get to equitable tolling because he didn't say prior counsel's ineffectiveness deprived me of time. He said, I knew the time started on July 16th. He said it on page AR-20. He said it twice on 22 and 23. I know the date is July 16th. So he didn't give the Board the opportunity. And they'd already equitably told the merits decision from the year before. They're willing to, as you said, you know, implicitly say, okay, prior counsel was ineffective, we'll look at it, but you didn't give – you didn't do it in time. And that's statutory and jurisdictional and cannot be waived. He did not raise the argument below of equitable tolling, and he can't ask this Court for it now. He only raised it when it was denied in his brief to the Court. And in his brief to the Court, he brings other evidence that was never raised below. The problem is, so he doesn't get the timing, and that's the – oh, did the Board abuse its discretion to find that it was untimely? No, it was untimely. Did the Board abuse its discretion to find that he hadn't established changed circumstances? No. There's – in 1997, the immigration judge said, you don't have any corroboration. There's no evidence that Zoroastrians are persecuted in India. And in fact, the State Department says there's not even mistreatment. They're a very small minority. His entire claim was – he spoke to people and said, gee, when the Hindus are finished with the Muslims, they may come after us. That's not past persecution. I mean, that's a fear that – of potential speculative future persecution. The judge said, give me some documentation. And in – since 1997, he never came up with it except for a letter from the California Zoroastrian communities saying this is the 10th anniversary of the deaths of three families in 1993, which coincided with that whole violent period that Petitioner is complaining about. They may have been caught in the crossfire. There is no evidence that they were targeted for persecution, that they were harmed, that other – well, they were caught in the crossfire. He talks about in his brief to the court and nowhere else that two people he knows were killed. We don't know if those were the people in 1993. We don't know anything because it's just in the brief to the court. He didn't testify. He didn't provide evidence. He had, what, six years? Almost 10 years to provide corroboration. There's not a single document other than the California letter saying let's remember 10 years ago three families died. That doesn't show changed circumstances. Moreover, at the 1997 hearing, the person he had reported as being the leader of the group that started the violence had been indicted, and that was the person he claimed to fear. So there is no evidence of changed circumstances. We don't know – It's all in your brief, isn't it? I beg your pardon? What you've just described is all in your brief, isn't it? I believe it was in the government's brief that he's – well, it's certainly in the record. You are the government here today. I beg your pardon? Yes. You are the government. I don't believe that he mentioned that Zachary had been indicted, but it is in the record. But the point is, in the general picture, he said he hasn't – we have said that he hasn't shown changed circumstances. Nothing has been corroborated. That is clear in the brief. Everything else is waived because it hasn't been – because it hasn't been raved and jurisdiction hasn't been preserved. Therefore, two questions. Did the Board abuse its discretion to find the petition for review – the motion to reopen untimely? No. Did the Board abuse its discretion to find that he had demonstrated changed circumstances? No. The answer is clear. Any further questions, Your Honors? I don't see any. Thank you for your argument, counsel. Thank you. I'll see you this afternoon. Yes. Thank you very much. I'm not going to say that counsel misstated the law, but the issue of notice doesn't start from the date it's filed. Notice clearly indicates notice to my client. Notice didn't begin on July 16th. What's the citation for that? It's in the cases I've cited and in the brief. Notice has to – the motion of the 90 days, as counsel just stated, is not 90 days from the date of the audit. The 90 days notice issue deals with notice that my client knew. Knew what? Of the ineffective counsel. The other third issue and the second issue that counsel misstated was my client clearly indicated past persecution. It wasn't that he was nobody. He was twice attacked by these fundamentalist groups. He was threatened with death. And his – he showed verifiable documentary proof in his motion to reopen. She's saying 10 years go by. That's because the attorney did nothing for 10 years. But what's your response to the government's contention, which I don't remember from the briefs, that your client acknowledged in an affidavit that he had been advised of his right to appeal back in February? He had been – he stated clearly that he was only told about the motion to reconsider. The client misstated what he said. The attorney never, ever addressed that. The attorney's assistant, who was practicing without a license, stated in a letter that he informed my client. That's what the facts are. My client has never admitted or ever suggested or stated he was informed that he could file a Ninth Circuit petition. That's a misstatement. My recollection, which of course could be incorrect, was that there was a dispute of fact as to whether the Power Council did or did not advise your client of the right to appeal. There is no dispute of fact. He never did. And he – the attorney's admission proves that he never did. He never responded to that. The attorney has never once responded to any letters stating – to any of the allegations made. And my client has stated under oath he was never informed of a Ninth Circuit petition. My recollection is that one of the letters in the record from your client that references a prior letter from his prior lawyer that's not in the record describes his lawyer as having denied that he had failed to inform him. So – There is – I'm sorry. I could be wrong on my record. There is no letter in the record from Mr. Martullis. He never responded. That's not what I said. I said there was a letter from your client back to Mr. Margulis reciting that Mr. Margulis had asserted that he had informed him of the right to appeal, which if – that's my recollection. Is that – In any case, we can check the record on that. You're over your time. Thank you very much for your argument. Thank you. Thank both counsel for their arguments. The case just argued will be submitted. We'll proceed to the second case on the argument calendar, which is valid.
judges: Hawkins, Paez, Wake